IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:26-CR-00051-P |
| TIA MAKENZIE LINK (03) | |

**PRELIMINARY ORDER OF FORFEITURE**

Based on the government's Unopposed Motion for Preliminary Order of Forfeiture, and good cause appearing, the Court GRANTS the motion.

The Court FINDS:

Considering the defendant's plea of guilty to Count Thirteen of the Superseding Indictment charging the defendant with Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity in violation of 18 U.S.C. § 1957, the defendant must forfeit to the United States any property, real or personal, involved in the offense and any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1).

Based on the government's unopposed motion, the defendant's plea of guilty, the plea agreement (Dkt. 115), and the factual resume (Dkt. 116), such property includes:

a. The real property located at 819 Paint Road, Hope, Kansas, and legally described as:

   The South Half (S/2) of the Southeast Quarter of Section Twenty-six (26), Township Fifteen (15) South, Range Three (3) East of the 6th P.M., Dickinson County, Kansas and The Southeast Quarter (SE/4) of the Southwest Quarter (SW/4) of Section Twenty-five (25), Township Fifteen (15) South, Range Three (3) East of the 6th P.M., Dickinson County, Kansas.

("Subject Property").

The Subject Property is subject to forfeiture under 18 U.S.C. § 982(a)(1) because the United States has established the requisite nexus between the Subject Property and the offense.

Accordingly, IT IS HEREBY ORDERED:

Pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b), all right, title, and interest in the Subject Property is forfeited to the United States of America.

Under Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or designee) is authorized to seize the Subject Property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence an ancillary proceeding under 21 U.S.C. § 853(n) to account for potential third-party interests.

Under 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order on the government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(3), any third-party petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any

additional facts supporting the petitioner's claims, and the relief sought.

Under Fed. R. Crim. P. 32.2(c)(1)(B), after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

Under Fed. R. Crim. P. 32.2(b)(4), this order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment.

The Court shall retain jurisdiction to enforce this Order and to amend it as necessary under Fed. R. Crim. P. 32.2(e).

**SO ORDERED** on October 1, 2026.

Mark T. Pittman
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE